IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OHIO CASUALTY INSURANCE COMPANY, a Liberty Mutual Insurance Group company, a/s/o CREATIVE SPORTS LLC<br>     Plaintiff<br><br>vs.<br><br>SANDELL TRANSPORT, INC. and JRC TRANSPORTATION, INC.<br>     Defendants | :<br>:  CASE NO. 1:22-cv-1366 (TJM/DJS)<br>:<br>:<br>:<br>: |

## COMPLAINT AND JURY DEMAND

Plaintiff, Ohio Casualty Insurance Company, a Liberty Mutual Insurance Group company a/s/o Creative Sports LLC, by and through its undersigned counsel, brings this Complaint against Defendant, Sandell Transport, Inc., and Defendant JRC Transportation Inc. and, in support thereof, avers as follows:

### PARTIES

1.      Plaintiff, Ohio Casualty Insurance Company, a Liberty Mutual Insurance Group company, is now, and at all times material, was a company duly organized and existing by virtue of law. Plaintiff is in the business of insurance and transacts business in the state of New York. Plaintiff's insured, Creative Sports LLC, is a corporation that transacts business in the state of New York, and is the owner, shipper, and consignee of the cargo that is the subject of this Complaint.

2.      Plaintiff is informed and believes and on the basis of that information and belief allege that Defendant, Sandell Transport, Inc., is a corporation of the state of New York and at all times material, a federally licensed freight broker operating under MC-578961, and was

engaged in business as a common carrier and bailee for hire within the United States and within this judicial district, with a service of process address of 3434 Carman Road, Suite 108, Schenectady, NY 12303.

3.      Plaintiff is informed and believes and on the basis of that information and belief allege that Defendant, JRC Transportation, Inc., is a corporation of the state of Connecticut and at all times material, was engaged in business as a common carrier and bailee for hire within the United States and within this judicial district, with a service of process address of c/o Ryan Pasquella, Reg. Agt., 47 Maple Ave., Thomaston, CT, 06787.

## VENUE AND JURISDICTION

4.      The claims alleged in this complaint contain a cause of action for failure to deliver cargo as required under the **Carmack Amendment**, 49 U.S.C.A. § 14706. Accordingly, this court has jurisdiction over this claim pursuant to 28 U.S.C.A. § 1331. At least one of the defendant's place of businesses is located in this district and venue is therefore proper under 28 U.S.C.A. § 1391(b).

5.      Further, this is an action for recovery of damages under 49 U.S.C.A. § 11706, for the damages to a shipment of basketball court flooring in the course of transportation in interstate commerce by a common carrier via flatbed semi-truck. Jurisdiction is based on the Interstate Commerce Act, as amended, 48 U.S.C.A. §§ 10101 et seq., and 28 U.S.C.A. § 1337. The matter in controversy exceeds, exclusive of interest and costs, the sum of $130,000.00.

## FACTS

6.      Plaintiff realleges and incorporates each and every allegation of paragraphs 1 through 5, as set forth above.

7.      On or prior to December 16, 2019, Plaintiff's subrogor, Creative Sports LLC, hired the Defendant, Sandell Transport, Inc., to transport basketball court flooring from The Saint James Sports Complex, Springfield, VA to Creative's warehouse, located at 239 Route 23B, Hudson, NY.

8.      On or prior to December 16, 2019, Plaintiff's insured, Creative Sports LLC, instructed the Defendant, Sandell Transport, Inc., that the cargo must be tarped. Please see as evidence, the Bill of Lading/Shipping Invoice showing that Creative Sports, Inc. paid extra for the tarping of its flooring cargo, attached hereto as **Exhibit A**.

9.      On or prior to December 16, 2019, Defendant, Sandell Transport, Inc., hired the Defendant, JRC Transportation, Inc., to transport the basketball court flooring from The Saint James Sports Complex, Springfield, VA., to Creative Sports LLC's warehouse located at 239 Route 23B, Hudson, NY.

10.     On or about December 16-17, 2019, the process of transporting Creative Sports LLC's basketball court flooring required five (5) trucks. The Defendant, Sandell Transport, Inc., brokered three (3) of the loads to JRC Transportation, Inc. The loads were picked-up December 16, 2019, to be delivered on December 17, 2019. One of the JRC Transportation, Inc. loads was not tarped which warped the wood flooring after it rained and/or snowed.  One driver, employed by Defendant, JRC Transportation, Inc., decided <u>not</u> to tarp the cargo on his truck and damaged the basketball court flooring during transportation.

11.     After the incident, on December 26, 2019, Plaintiff's insured, Creative Sports LLC filed a JRC Transportation, Inc. Loss and Damage form for JRC Transportation, Inc.'s load number 0239462 / freight bill # 27153-0. The claim stated that "1 Connor Quicklock Portable

Basketball Court" was "totally saturated from driving rain and snow in transit from being left un-tarped."

12. On January 8, 2020, Jeff Pritoni from JRC Transportation, Inc. responded to the Plaintiff's insured, denying its claim, stating that Sandell Transport, Inc. did not request or order the load to be tarped.

13. On June 17, 2020, Sandell Transport, Inc.'s insurance carrier, Allianz Insurance, denied Creative Sports LLC's claim stating that Sandell Transport, Inc. did not have a legal duty to advise JRC Transportation, Inc. how to perform its services and that it was JRC Transportation, Inc.'s responsibility to accept the cargo in good condition and to deliver it in good condition. Further, the JRC Transportation, Inc. driver actively chose not to tarp the load.

## FIRST CAUSE OF ACTION – STRICT LIABILITY
### (As To All Defendants)

14. Plaintiff realleges and incorporates each and every allegation of paragraphs 1 through 13, as set forth above.

15. On or prior to December 16, 2019, the Plaintiff's insured, Creative Sports LLC, who was owner of the basketball court flooring, retained the Defendant, Sandell Transport, Inc., as a contractor to perform, or arrange to be performed, the safe transport of the flooring, which included tarping the flooring prior to and during transport.

16. On or about December 16, 2019, after receiving the flooring in good condition Defendant's neglected to tarp the flooring cargo prior to and during transport, which caused damages to Plaintiff's Subrogor's flooring.

17. Defendants' negligence and carelessness was the proximate cause of Plaintiff's insured's damages.

18. As a result of the negligent and careless work by Defendants, Plaintiff has sustained damages in a sum of $131,734.80 (which includes Plaintiff's insured's deductible of $2,500.00).

### SECOND CAUSE OF ACTION—BREACH OF CONTRACT
### (As To Defendant, Sandell Transport, Inc.)

19. Plaintiff realleges and incorporates each and every allegation of paragraphs 1 through 18, as set forth above.

20. Plaintiff is informed and believes, and on the basis of such information and belief allege, that on or about December 16, 2019, Defendants, received five (5) trucks worth of pallets loaded with basketball court flooring, in good order, quantity, and condition. The Defendants agreed, under contracts of carriage and in return for good and valuable consideration, to carry the cargo from Virginia to New York, pursuant to a Bill of Lading / Invoice No. 32916, and there deliver the cargo to the lawful owners and others, in the same good order, condition, and quantity as when received. *See* **Exhibit A**.

21. Thereafter, in breach of and in violation of the agreements, Defendants did not deliver all of the the cargo in the same good order, quantity, and condition as when received. To the contrary, the Defendants Sandell Transport, Inc., delivered, via its assignee or subcontractor, JRC Transportation, Inc., one truck full of the flooring cargo damaged, as it was not tarped for protection from the elements. The reasonable value of the damaged cargo was $131,734.80.

22. Plaintiff, as the insurer for Creative Sports, Inc., therefore, has been damaged in the sum of $131,734.80 (which includes Plaintiff's insured's deductible of $2,500.00), no part of which has been paid by Defendants, despite demand for same.

### THIRD CAUSE OF ACTION – NEGLIGENCE
### (As To All Defendants)

23. Plaintiff realleges and incorporates each and every allegation of paragraphs 1 through 22, as set forth above.

24. Defendants owed a duty of reasonable care to Plaintiff and Plaintiff's insured, with regard to the safe and proper transport of goods, more specifically, Plaintiff's insured's basketball court flooring.

25. The damages suffered by Plaintiff and Plaintiff's insured as described above were the direct and proximate result of negligence, carelessness, and/or other liability producing conduct of the Defendants, by and through their employee(s), agent(s), and/or servant(s), more specifically described as follows:

    a. failing to exercise reasonable care in the following manner:

        i. failing to request or order tarping of the cargo;

        ii. failing to safely and properly transport Plaintiff's insured's property so as not to cause damages;

        iii. failing to properly tarp, cover, and inspect the property for transport; and/or

        iv. failing to properly determine that the property was required to be tarped before transport.

26. As a direct and proximate result of Defendant's above-described negligence, carelessness, and/or other liability producing conduct, Plaintiff and Plaintiff's insured collectively sustained and incurred damages in the amount of $131,734.80 (which includes

Plaintiff's insured's deductible of $2,500.00).  Plaintiff has become subrogated to its insured's interests in the claims asserted in this action.

**WHEREFORE**, Plaintiff respectfully requests judgment against the Defendant, Sandell Transport, Inc., and Defendant JRC Transportation Inc., jointly and severally, for damages in the amount of $131,734.80 (which includes Plaintiff's insured's deductible of $2,500.00), plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

Dated: White Plains, New York
December 16, 2022

Yours, etc.
LAW OFFICES OF SANTACROSE, FRARY, TOMKO, DIAZ-ORDAZ & WHITING
Attorneys for Plaintiff

By: _____
Sean Tomko
Bar Roll No: 105819
MAILING ADDRESS
P.O. Box 6835
Scranton, PA 18505-6840
PHYSICAL ADDRESS
Santacrose, Frary, Tomko, Diaz-Ordaz & Whiting
500 Seneca Street, Suite 307 A
Buffalo, NY  14204
(518) 452-0802